UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 5:22-cr-00250-EJD-1 |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO SUPPRESS** |
| v. | |
| DENIS SHEVCHENKO, | Re: Dkt. No. 55 |
| Defendant. | |

Before the Court is a motion to suppress evidence filed by Defendant, Denis Shevchenko ("Defendant"). Mot. to Suppress, ECF No. 55. The United States of America ("Government") filed an opposition, and Defendant filed a reply and a supplemental reply. Opp'n, ECF No. 56; Reply, ECF No. 68; Supp. Reply, ECF No. 78. The Court heard oral arguments from both Parties on August 20, 2024. ECF No. 79. For the following reasons, the Court **DENIES** Defendant's motion to suppress.

I.  **BACKGROUND**

Defendant is charged in a one count indictment for possession of child pornography under 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). Indictment, ECF No. 1. Defendant moves to suppress all evidence obtained as a result of a search warrant issued on October 14, 2021. *See* Mot. Defendant argues that the affidavit submitted to support the search warrant lacked probable cause, and the officers executing the search warrant lacked good faith. *Id.*

A.  **October 14, 2021, Search Warrant**

On October 14, 2021, Sergeant Jennings ("Sgt. Jennings") from the San Jose Police Department ("SJPD") submitted an affidavit to a state court judge requesting a warrant to

1  authorize the search of Defendant's residence for items, including electronic devices. *See* Mot.,
2  Ex. A, Affidavit in Supp. of Search Warrant ("Affidavit"), ECF No. 55-1. The affidavit sought
3  evidence for the crime of solicitation pursuant to California Penal Code section 653f. *Id.* The
4  affidavit informed the judge of the following information.

First, the affidavit stated that Defendant posted various violent statements on an anonymous website, Gab.com, that advocated for others to "cull" or otherwise harm police officers and other various groups of people. *Id.* at 10–15. These posts included the following:

- It's time to start shooting the "police" who stand against the people. They made their choice to stand with the oppressors, and thus their culling is justified. Any "officer" who participated in events such as that, is a valid target.

- Those aren't "police". [sic] Those are armed thugs. Any person would be justified in shooting them dead.

- Hunt them all down, and cull to the last one.

- This is why every citizen must know about jury nullification. Nullify the black robed despots. Any "police" that violates the unalienable rights of US Citizens, the right to self defense, defense of our families, are tyrants, no different from the brown shirts, and any use of force against them is justified.

- When the only difference between criminals and "police" is a uniform, the citizens are within their right to use lethal force on the government paid SS. I wouldn't shed a tear for that "thin blue line".

- Of course, crazy, divorced, subhuman libtard that bred two rats who'll be just as fucked in the head as that beast. That's why all the libtards must be culled indiscriminately, no matter their age or "orientation", so our children don't have to deal with those parasites.

- In no uncertain terms, I advocate for utter culling of your ilk.

- I call for the eradication of the black robed despots. The moment the government ceased to abide by the US Constitution, they broke the contract with the people they govern, and became tyrants. I therefore no longer recognize their authority, and consider them enemies, to be executed, so as to protect the unalienable rights of my loved ones, and to secure a future for my children to grow up as free citizens of a first world nation.

Case No.: 5:22-cr-00250-EJD-1
ORDER DENYING MOTION TO SUPPRESS

2

- We must purge these third worlders from our nation. These third worlder subhumans want us to believe that the ten people who are crammed in one condominium can cast ten votes in the HOA, and overrule nine other single resident condominiums.

- Subhumans. Cull them like vermin, to better our society, improve life for our families, and our children's future. We the people cull the orchard to improve the fruit trees, cull the herds to improve the lifestock, yet we allowed ourselves to be at first guilted, and then forced to tolerate the degenerate subhumans amongst us under the guise of diversity, to the detriment of our nation, and harm to our families.

*Id.*

Second, the affidavit stated that Defendant was employed at the SJPD as a community service officer.  *Id.* at 7.

Third, the affidavit stated that Defendant had a total of nine firearms actively registered to his name, including pistols, shotguns, and rifles.  *Id.* at 18.

Based on these facts, the affidavit stated that Sgt. Jennings had reason to believe that Defendant has solicited people to kill police officers and other individuals based on political ideation, and that evidence of the crime of solicitation would be found in the electronic devices and other items at Defendant's residence.  *Id.* at 18, 19.  The judge found probable cause and issued the warrant.  *Id.* at 20.

When the SJPD executed the search warrant, they did not find evidence of the crime of solicitation, but instead found evidence of the crime currently charged, possession of child pornography.

### B.     Internal Affairs Investigation

At the time of the warrant, the SJPD had initiated an internal affairs investigation of Defendant because of his posts, which ultimately resulted in the recommendation that Defendant be terminated.  Mot., Ex. J.  When he submitted his affidavit, Sgt. Jennings was assigned to the internal affairs department that conducted this investigation.  Affidavit 7.  Defendant believes that Sgt. Jennings sought a search warrant to be used solely for the purpose of conducting this internal affairs investigation rather than to find evidence of the crime of solicitation.  Mot. 24.  Defendant also argues that the entire investigation into Defendant's Gab.com posts were motivated by

Case No.:   5:22-cr-00250-EJD-1
ORDER DENYING MOTION TO SUPPRESS

3

animus against him based on his position as a SJPD community services officer. Supp. Reply 5.

## II.     DISCUSSION

The Court finds that, in viewing the facts and the totality of the circumstances, the judge had probable cause to issue the October 14, 2021, warrant; and even if there was no probable cause, the Court finds the good faith exception as set forth in *United States v. Leon*, 468 U.S. 897 (1984), would in any event preclude suppression.

### A.     Probable Cause

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. The determination of whether probable cause exists to justify the issuance of a search warrant is guided by the totality-of-the-circumstances approach. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The "totality of the circumstances" test derived from *Gates* emphasizes that probable cause means "fair probability," not certainty or even a preponderance of the evidence. *Id.* at 246. As noted in Gates, "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *United States v. Jones*, 994 F.2d 1051, 1056 (3d Cir.1993) (citing *Gates*, 462 U.S. at 232).

Here, the affidavit informed the judge that Defendant was an officer for the SJPD with nine firearms registered in his name who had made numerous disturbing and violent posts advocating for the murder of police and other groups of people. These posts included language such as: "[i]t's time to start shooting the 'police' who stand against the people . . . . their culling is justified"; "[i]n no uncertain terms, I advocate for utter culling of your ilk"; "all the libtards must be culled indiscriminately . . . so our children don't have to deal with those parasites"; "I call for the eradication of the black robed despots"; and "[w]e must purge these third worlders from our nation." Affidavit 10–15. Considering the totality of these circumstances, the Court finds it

Case No.: 5:22-cr-00250-EJD-1
ORDER DENYING MOTION TO SUPPRESS

4

reasonable to conclude that there was a "fair probability" a search warrant would uncover evidence that Defendant was soliciting others to kill or otherwise commit violence against the police and other groups of people, particularly given his intimate access to the police and firearms.

While it is true, as Defendant argues, that the posts themselves and other information in the affidavit may be insufficient to charge or convict Defendant for the crime of solicitation, this is not a prerequisite to obtaining a search warrant. All that is required is information showing a fair probability that evidence proving the crime of solicitation would be found in other items or property to be searched, such as posts on other anonymous websites, statements in letters, etc. Considering the totality of the circumstances described above, the Court finds this requirement met.

The Court also notes that it does not agree with Defendant's interpretation of California Penal Code section 1524 as requiring evidence that a crime was definitively committed before seeking a warrant. *See* Reply 12. The section cited by Defendant states that "the property or things to be seized [must] consist of an item or constitute evidence that *tends to show* a felony has been committed, or *tends to show* that a particular person has committed a felony." Cal. Pen. Code § 1524(a)(4) (emphasis added). This section, which defines the property or items that may be seized pursuant to a search warrant, requires only that the property or item "tend to show" that a crime has been committed. The Court finds that this language does not impose a heightened requirement that the affidavit be supported by definitive evidence of a crime; rather, the Court finds this language consistent with the "probable cause" standard for search warrants.

### B. Good Faith

However, regardless of whether the judge had probable cause to issue the October 14, 2021, warrant, the *Leon* good faith exception would in any event preclude suppression.

In *Leon*, the Supreme Court created a good faith exception to the exclusionary rule for objectively reasonable law enforcement activity. *Leon*, 468 U.S. at 919. "[A] warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Id.* at 922 (internal quotation marks and citation omitted).

Case No.: 5:22-cr-00250-EJD-1
ORDER DENYING MOTION TO SUPPRESS
5

1    There are two relevant exceptions to the *Leon* good faith exception.  First, the good faith

2 exception does not apply where the affiant misleads the judge.  *Id.* at 923.  In such cases,

3 "[s]uppression . . . remains an appropriate remedy if the magistrate or judge in issuing a warrant

4 was misled by information in an affidavit that the affiant knew was false or would have known

5 was false except for his reckless disregard of the truth."  *Id.*  Second, the good faith exception does

6 not apply if the judge "wholly abandoned his judicial role" whereby the affidavit was "so lacking

7 in indicia of probable cause as to render official belief in its existence entirely unreasonable."  *Id.*

8 (internal quotation marks omitted).

9    Here, the warrant issued by the judge suffices to establish that a law enforcement officer

10 acted in good faith in conducting the search, absent any exceptions.  The Court finds the two

11 exceptions proffered by Defendant inapplicable.

12    First, Defendant argues that Sgt. Jennings mislead the judge in his affidavit by describing

13 the posts as "soliciting" others to commit crimes.  Reply 20.  The Court does not find that Sgt.

14 Jennings's characterization of the posts as solicitations was information that Sgt. Jennings "knew

15 was false or would have known was false except for his reckless disregard for the truth."  *Leon*,

16 468 U.S. at 923.  Upon review of the affidavit, Sgt. Jennings merely stated that he had "reasonable

17 cause to believe" based on Defendant's posts that Defendant has solicited people to kill police

18 officers and others based on political ideation, and that evidence of the commission of the crime of

19 solicitation would be found in the electronic devices at Defendant's residence.  Affidavit 18, 19.

20 In other words, Sgt. Jennings communicated to the judge that, based on the information in the

21 affidavit, he believed that a search warrant would uncover evidence of the crime of solicitation.

22    Second, Defendant argues that the judge "wholly abandoned his judicial role" by issuing a

23 search warrant for the crime of solicitation based on the facts in the affidavit, and any reasonable

24 officer should have known that the warrant lacked probable cause.  Reply 21.  The Court does not

25 find that the affidavit was "so lacking in indicia of probable cause as to render official belief in its

26 existence entirely unreasonable."  *Leon*, 468 U.S. at 923.  As discussed above, under the totality of

27 the circumstances, the affidavit informed the judge, and the officers executing the warrant, that

Case No.:   5:22-cr-00250-EJD-1
ORDER DENYING MOTION TO SUPPRESS

6

1  Defendant was an officer for the SJPD with nine firearms registered in his name who had made
2  numerous disturbing and violent posts advocating for the murder of police and other groups of
3  people.  It is reasonable for an officer to believe that these facts suggest a search of Defendant's
4  electronic devices and other items would uncover evidence of the crime of solicitation.

5  The Court will also briefly address Defendant's remaining arguments relevant to the good
6  faith exception.

7  The Court finds the fact that the search warrants did not produce evidence of the crime of
8  solicitation immaterial.  *See* Reply 19.  It is common in criminal cases that search warrants seeking
9  evidence of one crime uncover evidence of an entirely different crime—this does not suggest any
10  nefarious intent or lack of good cause under these facts.

11  The Court also does not find any evidence that the SJPD sought the search warrant in bad
12  faith for purpose of the internal affairs investigation.  *See* Reply 23–24.  Upon Defendant's
13  request, the Court has already conducted an in-camera review of correspondences that Defendant
14  believed may have revealed this nefarious intent, and the Court found no such evidence.  *See* Order
15  Regarding In-Camera Review, ECF No. 67.  Further, the Court finds that Sgt. Jennings's failure to
16  submit his affidavit to the District Attorneys' Office prior to filing his request for a warrant is
17  insufficient to show that he improperly sought the warrant for the purpose of the internal affairs
18  investigation.  *See* Reply 22.

### III.  CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion to suppress.

**IT IS SO ORDERED.**

Dated: August 21, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cr-00250-EJD-1
ORDER DENYING MOTION TO SUPPRESS
7