1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                               SAN JOSE DIVISION

7

8    UNITED STATES OF AMERICA,              Case No.  5:22-cr-00250-EJD-1

                   Plaintiff,
9                                           **ORDER GRANTING GOVERNMENT'S
                                            MOTION TO DISMISS; DENYING
10          v.                              DEFENDANT'S MOTION TO
                                            SUPPRESS**
11   DENIS SHEVCHENKO,

                   Defendant.
12                                          Re: Dkt. Nos. 111, 108

13          Before the Court is the Government's motion to dismiss Defendant's second motion to

14   suppress evidence.  Mot. to Dismiss, ECF No. 111; Opp'n, ECF No. 119; Reply, ECF No. 121.

15   The Court heard oral arguments from both parties at two hearings on July 16, 2025, and August 5,

16   2025.  ECF Nos. 129, 138.  The Court also received and reviewed both parties' supplemental

17   briefs.  Def.'s Supp. Brief, ECF No. 132; Gov.'s Supp. Brief, ECF No. 136.  During the August 5,

18   2025, hearing, the Court issued an oral order granting the Government's motion.  ECF No. 138.

19   This Order expands upon the Court's ruling.

20          For the reasons discussed on the record and in this Order, the Court **GRANTS** the

21   Government's motion to dismiss and **DENIES** Defendant's second motion to suppress evidence.

22   **I.      BACKGROUND**

23          The narrow issue before the Court is whether to dismiss Defendant's second motion to

24   suppress evidence—filed approximately ten months after the deadline and without leave of

25   Court—for lack of good cause.  Relevant to this motion is a brief overview of the two motions to

26   suppress evidence, changes in counsel, and discovery disputes.

27

28   Case No.: 5:22-cr-00250-EJD-1
     ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO SUPPRESS

United States District Court
Northern District of California

### A. First Motion to Suppress Evidence

Defendant, represented by former counsel, filed his first motion to suppress evidence on July 12, 2024. First Mot. to Suppress, ECF No. 55. The Court previously set July 12, 2024, as the deadline for Defendant's motion to suppress evidence in two orders. Minute Order, ECF Nos. 48 (setting original deadline for June 21, 2024); Order Granting Stip. to Modify Briefing Schedule, ECF No. 53 (continuing deadline for July 12, 2024).

In his first motion, Defendant argued that the Court should suppress the fruits of the October 14, 2021, warrant for lack of probable cause. Specifically, Defendant argued that his Gab.com posts did not create probable cause of the crime of solicitation, and that the police department was targeting him because of a workplace dispute. The Court denied the motion on August 21, 2024, finding that the judge had probable cause to issue the October 14, 2021, warrant, and that the *Leon* good faith exception would in any event preclude suppression. Order Den Mot. to Suppress, ECF No. 80. The Court incorporates all facts and findings from that order here. *See id.*

Approximately one month later, Defendant informed the Court that he wished to obtain new counsel. Minute Entry, ECF No. 99. After several continuances, on December 2, 2024, current counsel Steven Kalar entered his appearance. Minute Entry, ECF No. 104. Current counsel then filed a second motion to suppress the fruits of the same October 14, 2021, warrant on May 7, 2025. Second Mot. to Suppress, ECF No. 108. The Government soon after filed the present motion to dismiss.

### B. Second Motion to Suppress Evidence

Though not currently before the Court, a brief summary of Defendant's second motion to suppress is relevant to the Court's analysis.

In his second motion, Defendant moves to suppress the fruits of the same October 14, 2021, search warrant under the doctrine of staleness. Defendant argues that Sgt. Jennings misrepresented the dates of Defendant's Gab.com posts in his warrant affidavit. While Sgt. Jennings stated that Defendant's most recent post was made on "9/30," implying September 30,

United States District Court
Northern District of California

1    2021,[1] this post was actually from April 1, 2021.  In fact, there was no post from September of any

2    year.  Therefore, given that the most recent post was eight months prior to the warrant, Defendant

3    argues that the evidence was stale and the warrant is invalid.  These issues were not raised in the

4    first motion to suppress.

5         **C.**      **Discovery Disputes**

6        In response to the Government's motion to dismiss, Defendant primarily argues that good

7    cause exists because the Government only recently disclosed the one document revealing that the

8    most recent post was April 1, 2021—a spreadsheet from Gab.com labeled DS-01455.  Former

9    counsel submitted a declaration stating that he never received DS-01455, and current counsel

10   represents that he only recently received the document on February 11, 2025.  Reilly Decl., ECF

11   No. 119-1; Kalar Decl., ECF No. 119-3.

12        The Government's position is that it produced this file to former counsel twice: on July 28,

13   2023, and July 24, 2024.  Regarding the first production, the Government submits a declaration

14   from its paralegal stating that she uploaded DS-01455 to USAfx, the Government's Dropbox-like

15   platform for sharing records with third parties, on July 28, 2023, and notified the prosecuting

16   AUSA that the upload completed.  Hernandez Dec., ECF No. 136-5.  However, there is no

17   evidence the AUSA then sent this discovery to former counsel.  Regarding the second production,

18   there is evidence that the Government sent former counsel a batch of discovery on July 24, 2024,

19   that should have included DS-01455, but former counsel states that he only received the .pdf

20   placeholder labeled DS-01455 on that day, not the actual .csv file.

21        Regardless, the Government argues that former counsel knew of the date discrepancies

22   raised in the second motion to suppress even without DS-01455.  On April 12, 2023, former

23

---

24 [1] As discussed below, current and former counsel have conflicting opinions regarding whether

25 "9/30" implies September 30, 2020, or September 30, 2021.  *Compare* Second Mot. to Suppress 14, ECF No. 108 (current counsel arguing that "[t]he logical inference was that Sgt. Jennings was seeking this warrant for posts that were made just two short weeks before the warrant application: 9/30/2021"), *with* Former Counsel's April 12, 2023, Email, ECF No. 121-4 (former counsel arguing that "the affidavits in support of the SJPD search warrant did NOT date these posts as

26

27 having been made in 2021; rather they are included without any year and at the end of the list, similarly implying that they were posted in 2020").

28

counsel emailed the Government, in relevant part:

> The reference to posts being made between July 25, 2020 and April 1, 2021 is inconsistent with other discovery indicating that the final posts on Gab.com were made in September 2020 . . . . It is also worth noting that the affidavits in support of the SJPD search warrant did NOT date these posts as having been made in 2021; rather they are included without any year and at the end of the list, similarly implying that they were posted in 2020.

Former Counsel's April 12, 2023, Email, ECF No. 121-4.  The Government also highlights that former counsel possessed several other pieces of evidence that revealed the date discrepancies discussed in this email and in the second motion to suppress.  DS-01202, ECF No. 125-4; DS-01335, ECF No. 125-6; DS-01092, ECF No. 125-2.

## II.     LEGAL STANDARD

"A motion to suppress is untimely if it is not filed before the deadline set by the court, and may be considered only if the 'party shows good cause.'"  *United States v. Gonzalez*, 658 F. App'x 867, 869 (9th Cir. 2016) (quoting Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause.")).

## III.    DISCUSSION

Defendant argues that he has good cause to file a second and untimely motion to suppress evidence because: (1) he only recently acquired the evidence needed to support his staleness argument; (2) Sgt. Jennings's misrepresentations in the warrant affidavit constitute a *Brady* violation; and (3) other procedural issues.

### A.     Recently Discovered Evidence

As discussed above, Defendant contends that his staleness argument hinges on one document—DS-01455.  This is a spreadsheet from Gab.com listing the dates of Defendant's posts that Sgt. Jennings included in his warrant affidavit.  Kalar Decl. ¶ 18, ECF No. 119-3.  Defendant argues that this document shows the last post was nearly eight months prior to Sgt. Jennings seeking the warrant, and therefore, the evidence used to support the affidavit was stale.  Defendant argues that he has good cause to raise this issue now because DS-01455 was never produced to

United States District Court
Northern District of California

1    former counsel, and only recently produced to current counsel on February 11, 2025.

2         The Court finds that, regardless of if and when the Government produced DS-01455 to

3    former counsel, he had all the information necessary to raise this staleness argument in his first

4    motion to suppress.

5         To reiterate, on April 12, 2023, former counsel sent the Government an email that stated in

6    relevant part:

7            The reference to posts being made between July 25, 2020 and April
             1, 2021 is inconsistent with other discovery indicating that the final
8            posts on Gab.com were made in September 2020 . . . . It is also worth
             noting that the affidavits in support of the SJPD search warrant did
9            NOT date these posts as having been made in 2021; rather they are
             included without any year and at the end of the list, similarly implying
10           that they were posted in 2020.

11   Former Counsel's April 12, 2023, Email, ECF No. 121-4.

12        This email establishes two undisputed facts.  First, former counsel believed the most recent

13   post identified in the affidavit was from September 30, 2020, nearly one year prior to the warrant.[2]

14   It follows that, even if Defendant did not know the date of the last post was April 1, 2021, he still

15   could have made his staleness argument with the information he had—indeed, evidence dating

16   nearly one year prior to the warrant would presumably be more stale than evidence dating

17   approximately eight months prior to the warrant.  If the Government disputed former counsel's

18   understanding of the dates, then the Court could have resolved this issue at that time.

19        Second, former counsel was aware of a discrepancy in the dates of the Gab.com posts.  His

20   email suggests that he likely gleamed this discrepancy from two other pieces of evidence

21   discussed in his email: (1) an FBI document dated April 14, 2021, which states "[t]he CHS

22   provided several messages from GAB user Serafim (gab.com/Seraf) that were posted between July

23   25, 2020 and April 1, 2021," DS-01202; and (2) an email between FBI agents dated October 7,

24   2021, which appears to contain investigation notes from "9/30," DS-01092.  *See* Former Counsel's

25   April 12, 2023, Email.  The Government also argues that a third piece of evidence likely alerted

26   _____

27   [2] Current counsel now argues that "[t]he logical inference was that Sgt. Jennings was seeking this
     warrant for posts that were made just two short weeks before the warrant application: 9/30/2021."
     Second Mot. to Suppress 14.

28   Case No.: 5:22-cr-00250-EJD-1
     ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO SUPPRESS

1    Defendant to this issue—an email from the confidential source dated February 13, 2021, which

2    includes the post that was incorrectly labeled as being posted on "9/30," DS-01335.  Although

3    Defendant is correct that defense counsel does not have the duty to ferret out evidence he does not

4    know exists; the Court does expect all counsel to review the materials they have, identify relevant

5    arguments, and strategically present those arguments to the Court.  It is undisputed that Defendant

6    knew the dates in the warrant affidavit were different from the dates in other evidence over two

7    years ago, but for whatever reason, strategic or otherwise, he chose to not pursue that argument in

8    the first motion to suppress.

9    　　　　Though not dispositive given former counsel's knowledge of the issues raised in the

10   second motion to suppress, the Court also notes that Defendant failed to exhibit reasonable

11   diligence in ensuring receipt of DS-01455.  *See United States v. Ruhe*, 191 F.3d 376, 386 (4th Cir.

12   1999) ("Even if the defendant did not know all of the information establishing the basis for a

13   claim, the court will not excuse a forfeiture if the defendant, by due diligence, could have or

14   should have discovered the basis for the claim."); *see also Milke v. Ryan*, 711 F.3d 998, 1018 (9th

15   Cir. 2013) ("[W]here a defendant doesn't have enough information to find the *Brady* material with

16   *reasonable diligence*, the state's failure to produce the evidence is considered suppression.")

17   (emphasis added); *United States v. Thomas*, 390 F. App'x 628, 631 (9th Cir. 2010) (finding that

18   the defendant had "enough information to be able to ascertain the supposed *Brady* material on his

19   own" because he was provided a summary of numbered exhibits, but "never requested the

20   referenced exhibits") (internal quotation marks omitted); *Ikbal v. United States*, 304 F. App'x 604,

21   606 (9th Cir. 2008) (noting the requirement that a defendant "exercis[e] due diligence in bringing

22   [an evidentiary] concern promptly to the attention of the courts") (internal quotation marks

23   omitted); *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (noting the requirement

24   that "the failure to discover the evidence sooner [] not be the result of a lack of diligence on the

25   defendant's part").

26   　　　　As an initial matter, the Court finds insufficient evidence to support the Government's

27   argument that former counsel received DS-01455 on July 28, 2023—despite the paralegal's

28   Case No.: 5:22-cr-00250-EJD-1
     ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO SUPPRESS

United States District Court
Northern District of California

1   declaration, there is no evidence that anyone from the Government's office sent this discovery to

2   former counsel.  However, it is undisputed that former counsel received at least the .pdf

3   placeholder for DS-01455 on July 24, 2024.  Former counsel then had five days to review this file

4   before his reply deadline for the first motion to suppress, and nearly an entire month to review it

5   before the hearing held on August 20, 2024.  During that time, he communicated with the

6   Government about other discovery issues, but he never identified DS-01455 as missing its native

7   file, and he never raised this issue with the Court.  This suggests that he either did not review it, or

8   if he did, he found it of no significance.

9           Ultimately, new counsel seeks to advance an argument that former counsel could have

10  raised in his first motion to suppress but chose to not.  New counsel wishing to pursue alternative

11  arguments that former counsel had the opportunity to raise does not constitute good cause.  *See*

12  *United States v. Dennis*, 41 F.4th 732, 740 (5th Cir. 2022) (stating that prior counsel's failure to

13  file a pretrial motion to suppress was not a sufficient showing of good cause because prior counsel

14  was aware of the facts underlying a potential motion to suppress); *United States v. Andres*, 960

15  F.3d 1310, 1316 (11th Cir. 2020) ("[T]he law is clear that no good cause exists if the defendant

16  had all the information necessary to bring a Rule 12(b) motion before the date set for pretrial

17  motions, but failed to file it by that date."); *United States v. Santana-Dones*, 920 F.3d 70, 81 (1st

18  Cir. 2019) ("[A]llowing new counsel to reopen an expired deadline in order to pursue strategic

19  options forgone by prior counsel would put a premium on changing counsel and unfairly

20  advantage the defendant."); *United States v. Baker*, 713 F.3d 558, 561 (10th Cir. 2013) ("We cited

21  with approval the Fourth Circuit's ruling that good cause was lacking when the record show[ed]

22  that sufficient information was available to defense counsel before trial that would have enabled

23  him to frame his [argument for] suppression.") (internal quotation marks omitted); *United States v.*

24  *Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011) ("The desire to suppress incriminating evidence and

25  the retention of new counsel are not by themselves sufficient to establish good cause."); *United*

26  *States v. Garcia*, 528 F.3d 481, 484–85 (7th Cir. 2008) (finding switching lawyers not good cause

27  for filing an untimely pretrial motion); *United States v. Kail*, Case No. 18-cr-00172-BLF-1, 2020

28  Case No.: 5:22-cr-00250-EJD-1
    ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO SUPPRESS

United States District Court
Northern District of California

1  WL 2768960 at *2 (N.D. Cal. 2020) ("Defendant does not get to re-litigate his [motion to

2  suppress] simply because his new counsel believes that [he] could have made better arguments.").

3      **B.    *Brady* Violation**

4      Separately, Defendant argues that good cause exists because Sgt. Jennings's

5  misrepresentations in the affidavit constitute a *Brady* violation.  However, for the reasons

6  discussed above, the Court finds that discrepancies in the dates did not deprive Defendant from the

7  opportunity to raise the issue of staleness in his first motion—indeed, the facts as understood by

8  Defendant at that time would have raised a stronger staleness argument than the one raised now.

9  Therefore, this argument has no bearing on good cause.

10     **C.    Other Matters**

11     Before concluding, the Court will briefly discuss two other points of dispute: (1)

12 procedural defects in both parties' filings, and (2) the deadline for Defendant's motion to suppress

13 evidence.

14         **1.    Procedural Defects**

15     Both parties urge the Court to find in their favor because the other violated the local rules.

16 Defendant argues that the Court should dismiss the Government's motion because it failed to meet

17 its factual burden with a declaration attached to its motion, as required by Criminal Local Rule 47-

18 2(b).  The Government argues that that Court should simply strike Defendant's second motion to

19 suppress because he did not first make a showing of good cause *prior* to filing, as required by

20 Criminal Local Rule 12-1.

21     The Court acknowledges that both parties violated the local rules.  Though the Court does

22 not excuse strict adherence to all local and federal rules, in this one instance, the Court will show

23 leniency.  The Government cured the declaration deficiency in its supplemental filing; and in the

24 interest of time, the Court will examine Defendant's good cause arguments as presented in his

25 opposition to the Government's motion rather than order him to file a separate motion for leave at

26 this time.

27     The Court cautions both parties that continued failure to adhere to the local rules may lead

28

United States District Court
Northern District of California

to appropriate sanctions. *See* N.D. Cal. Civ. L.R. 1-4 ("Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction.").

### 2.    Deadline for Motions to Suppress Evidence

Defendant also briefly states in the background section of his opposition that "[t]he docket does not reveal any order from the Court with a cut-off date for all pretrial motions." Opp'n 3. Though not expressly argued, it appears Defendant suggests that he need not show good cause to attempt to suppress the same evidence with a second motion nearly one year later because the Court's scheduling orders did not apply to *all* pretrial motions. Defendant did not provide any authority to support this argument.

The Government argues that the Court need not explicitly set a deadline for all pretrial motions in order to set a deadline for Defendant's motion to suppress evidence under Rule 12(c). *See, e.g., United States v. Trobee*, 551 F.3d 835, 837 (8th Cir. 2009) ("We conclude that the district court did not abuse its discretion in refusing to consider Trobee's motion to suppress. The deadline of February 21 for motions to suppress set by Chief Judge Schreier was unambiguous, and her order distinguished between motions to suppress and 'other motions' that were due by April 3."). Defendant did not respond to the Government's argument in his supplemental brief or at either hearing, except to "preserve the issue for the record" after the Court granted the Government's motion.

The Court finds that it clearly set a July 12, 2024, deadline for Defendant's motion to suppress evidence. ECF Nos. 48, 53. Specifically, the Court's first order "setting a briefing schedule and hearing on a motion to suppress," ECF No. 48, and second order continuing the deadline by stating that "Defendant's motion to suppress is due on July 12, 2024," ECF No. 53, unambiguously set a deadline for Defendant's motion to suppress. Further, similar to the district court in *Trobee*, the Court's first order distinguishes between the deadlines for motions to suppress and motions in limine by separately instructing the parties to meet and confer regarding motions in limine briefing. ECF No. 48. Thus, it should have been apparent to Defendant that the deadlines

Case No.: 5:22-cr-00250-EJD-1
ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO SUPPRESS

for motions in limine and other pretrial motions did not apply to his motion to suppress evidence. *See Trobee*, 551 F.3d at 837 (finding that, when the judge extended the deadline for "other motions," it should have been clear to the defendant that this extension did not apply to motions to suppress because the judge "had distinguished clearly between the two categories of motions in setting the original deadlines.").

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** the Government's motion to dismiss and **DENIES** Defendant's second motion to suppress evidence.

**IT IS SO ORDERED.**

Dated: September 9, 2025

EDWARD J. DAVILA
United States District Judge