CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NEAL C. HONG (ILBN 6309265)
Assistant United States Attorney

60 S. Market, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5081
neal.hong@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENIS SHEVCHENKO,<br><br>Defendant. | NO. 22-CR-00250 EJD<br><br>THE UNITED STATES' SENTENCING MEMORANDUM |

**INTRODUCTION**

After considering the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully recommends that the Court sentence Defendant, Denis Shevchenko, to 96 months of imprisonment, followed by 5 years of supervised release.

**BACKGROUND**

On October 14, 2021, San Jose police officers searched Defendant's home for evidence of violations of California Penal Code 653f (state solicitation). PSR 8. Officers seized numerous electronic devices from the residence. PSR 7. Prior to searching Defendant's home, officers submitted an affidavit that listed troubling posts made by Defendant. PSR 6 (examples listed in paragraph 6 of the PSR).

On October 20, 2021, officers reviewed contents from a Seagate hard drive and Sager laptop and

discovered child pornography. PSR 11-12. The Court previously reviewed stipulations that detailed some of the videos and images from the laptop and hard drive. *See also* PSR 11-12 (descriptions of some of the child pornographic materials).

On May 30, 2024, a grand jury returned a superseding indictment charging Defendant with one count of a violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), possession of child pornography. PSR 2. On October 17, 2025, this Court found Defendant guilty of possessing child pornography. PSR 3.

## ARGUMENT

### A. The nature and circumstances of the offense

The nature and circumstances of the offense are serious. Defendant possessed vast quantities of child pornography. The Seagate hard drive had at least 2,258 photographs of child pornography and 24 child pornography videos. PSR 11. The Sager laptop had 120 child pornographic images and 12 videos of the same. PSR 12. This amount involved 100s, if not thousands, of child victims.

The children that were exploited in these vile materials suffered greatly. "[T]he use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child," *New York v. Ferber*, 458 U.S. 747 (1982), and is "an assault upon the humanity of the person pictured, making that person a mere means serving the voyeur's purposes." *United States v. Wiegand*, 812 F.2d 1239, 1245 (9th Cir. 1987).

Modern technology has made it so that their pain is now memorialized forever. "Photographs and films showing juveniles engaged in sexual activity is intrinsically related to the sexual abuse of children, because this documentation is a permanent record of the children's participation." *United States v. Blinkinsop*, 606 F.3d 1110, 1117-1118 (9th Cir. 2010) (internal quotations omitted). "The children involved in pictorial and cinematic pornography additionally endure ongoing harm because their images have been preserved in a permanent medium." *Id.* at 1118.

The videos and images were extremely graphic and horrific. The PSR describes some of the materials and the Court reviewed the stipulations that describing the child pornography evidence at trial (Doc. 142-145). The stipulations described images and videos depicting numerous acts of rape and torture of children. Indeed, even some of the file names alone were the stuff of nightmares. The file names gave graphic descriptions and used words that were common among pedophiles. *See* Doc. 144

(stipulation with graphic file names).

**B. The history and characteristics of Defendant and to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant**

Defendant has no criminal history; has, for the most part, maintained steady employment throughout his life; and he has complied with his conditions of release. *See* PSR 4, 31, 53-56. However, Defendant's previous employment in law enforcement makes this case particularly troubling, thus justifies a higher Guidelines sentence.

Defendant spent approximately 10 years with law enforcement. From 2011 to 2013, Defendant worked as a police officer with the San Jose Police Department. PSR 55. From 2013 to 2014, he worked a police officer with the Pinole Police Department. PSR 54. From 2014 to 2021, Defendant was a community service officer with the San Jose Police Department. PSR 53.

As a former law enforcement officer, he was sworn to protect society from harm. Instead, he possessed vile child pornographic materials and anonymously posted violent online messages advocating for "shooting" police officers and "culling" people who did not share his beliefs. *See* PSR 6(a)-(f). Defendant also possessed a concealed loaded firearm at work, which he was not legally permitted to do. PSR 7.

All of this demonstrates that Defendant lacks respect for the law and appears to not believe that rules apply to him. Defendant advocated for death and slaughtering those that are a "danger to our families, and to our children's future," yet he engaged in conduct that is "harmful to the physiological, emotional, and mental health of [children]." *Ferber*, 458 U.S. at 747. He earned a living through law enforcement yet advocated for police to be shot. And he carried a concealed gun even though it was against the law. A 96-month sentence would provide specific deterrence for this defendant and other similar defendants.

"The deterrence of sexual crimes against children is certainly a legitimate governmental interest." *United States v. Sandcrane*, 311 F. App'x 54, 55 (9th Cir. 2009). Specific deterrence is necessary to instill in Defendant the understanding that he must follow the law, without exceptions, just like everyone else. The Government's recommended sentence would serve as general deterrence because it "gives an incentive to such individuals to destroy these materials to alleviate continuing harm

to the children exploited." *Blinkinsop*, 606 F.3d at 1118.

**REMAND AFTER SENTENCING**

Should the Court sentence Defendant to a term of imprisonment, the Court should order that Defendant be immediately remanded to the custody of the United States Marshals Service. The Government agrees with the United States Probation Office's conclusion that Defendant does not meet his burden for continued release. *See* Doc. 154.

**CONCLUSION**

For the reasons stated above, the United States respectfully recommends that the Court sentence Defendant to 96 months of imprisonment, followed by 5 years of supervised release.

Dated: April 20, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s Neal Hong
NEAL C. HONG
Assistant United States Attorney