CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NEAL C. HONG (ILBN 6309265)
Assistant United States Attorney

60 S. Market, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5081
neal.hong@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENIS SHEVCHENKO,<br><br>Defendant. | NO. 22-CR-00250 EJD<br><br>THE UNITED STATES' MEMORANDUM REGARDING DETENTION PENDING APPEAL |

**INTRODUCTION**

The Government recommends that the Court detain Defendant pending appeal, should the Court sentence Defendant to a term of imprisonment.

**BACKGROUND**

On October 17, 2025, this Court found Defendant guilty of possessing child pornography. PSR 3. On April 27, 2026, the parties appeared for Defendant's sentencing hearing. Dec. 158. The parties filed their sentencing memoranda. Docs 156, 157. The Government recommended 96 months of imprisonment, the defense recommended 36 months, and Probation recommended 87 months. Both the Government and Probation advise the Court to detain Defendant pending appeal. Defendant requests to remain out of custody pending appeal.

At the hearing, the Court resolved the objections in the PSR but continued the hearing to give the

parties the opportunity to resolve issues of restitution. The Court did not determine Defendant's sentence. Thus, the issue of detention pending appeal has yet to be determined by the Court.

**ARGUMENT**

If the Court sentences Defendant to a term of imprisonment, then the Court should order that he be detained after sentencing. Under 18 U.S.C. § 3143 the Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1).

It is Defendant's burden to satisfy the conditions of 18 U.S.C. § 3143. *United States v. Montoya*, 908 F.2d 451 (9th Cir. 1990). Even if Defendant establishes that he does not pose a danger of fleeing or a danger to the community, he must still show that his appeal would raise a substantial question of law or fact. *See United States v. Waite*, 13 F.App'x. 593 **5 (9th Cit. 2001). "A substantial question is one that is fairly debatable or fairly doubtful; it is one of more substance than would be necessary to a finding that it was not frivolous." *Montoya*, 908 F.2d at 450 (9th Cir.1990) (brackets and internal quotation marks omitted). "It is a close question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (*en banc*) (internal quotation marks omitted).

The Government agrees with the United States Probation Office's conclusion that Defendant does not meet his burden for continued release. *See* Doc. 154. Defendant has not shown by clear and

convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community.

Even if he were able make this showing, Defendant's case does not raise a substantial question of law or fact likely to result in a reversal. It is Defendant's burden to articulate and prove that his case raises a substantial question of law or fact likely to result in a reversal. However, the Government submits that Defendant is likely to appeal the denial of his first motion to suppress and the dismissal of his second motion to suppress.

In Defendant's first motion to suppress, he argued that affidavit lacked probable cause. Doc. 55. The Court denied the motion finding that the totality of the circumstances supported probable cause and firmly rejected Defendant's interpretation of California Penal Code section 1524. Doc. 88. Moreover, the Court also found that even if the warrant lacked probable cause, the Court would have nonetheless denied the motion under the good faith exception. *Id*. at 5-7. The Court's Order did not state that the suppression issue was "a close question."

Likewise, the Court's dismissal of Defendant's second motion to suppress was not a close question. Defendant filed a second untimely motion. The Court enjoys wide discretion on whether to entertain an untimely suppression motion. *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003) ("The decision whether to grant an exception to a Rule 12 waiver lies in the discretion of the district court."). The Court need not entertain the substance of the untimely motion. *See United States v. Zidar*, 178 F.App'x. 673 at *1 (9th Cir. 2006). The Court chose not to exercise its wide discretion to hear Defendant's second motion, thereby declining to weigh in on the substance of Defendant's second untimely argument. *See* Doc. 140. Accordingly, this too would not raise a substantial question of law or fact likely to result in a reversal.

//

//

//

//

//

//

**CONCLUSION**

For the reasons stated above, the United States respectfully recommends that the Court detain Defendant pending appeal, should the Court sentence Defendant to a term of imprisonment.

Dated: September 8, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s Neal Hong
NEAL C. HONG
Assistant United States Attorney